United States District Court
Middle District of Florida
Jacksonville Division

**PLASTIC THE MOVIE LIMITED,**

    *Plaintiff,*

v.                                                                                **NO. 3:15-cv-385-J-39PDB**

**JOHN DOE,**
**SUBSCRIBER ASSIGNED IP ADDRESS 66.177.31.213,**

    *Defendant.*

---

### Order Denying Defendant's Motion to Quash Subpoena

The Court earlier granted the plaintiff's ex parte motion for early discovery, permitting it to serve on Comcast Cable Holdings, LLC ("Comcast"), a Federal Rule of Civil Procedure 45 subpoena commanding the name, address, email address, and telephone number of the John Doe defendant—the subscriber associated with IP address 66.177.31.213—who the plaintiff alleges infringed its copyright for *Plastic*. Doc. 8. The defendant moves to quash the subpoena, arguing: (1) it fails to comply with Fla. Stat. § 48.031(5); (2) it fails to comply with Rule 45's proof-of-service requirements; (3) it exceeds the Court's order by requesting documents identifying his "Media Access Control"; (4) it unduly burdens him by asking for his name, the disclosure of which will subject him to ridicule as an alleged infringer, and for information beyond his name and address that is unnecessary for service. Doc. 9. The plaintiff responds: (1) the defendant lacks standing and should not be heard to complain about undue burden because the subpoena requires nothing of him; (2) it

complies with Rule 45, which is the only applicable rule; and (3) it included "Media Access Control" by accident, and the plaintiff does not seek documents responsive to that request. Doc. 10.

Federal Rule of Civil Procedure 45(d)(3) requires a court to quash or modify a subpoena that fails to allow reasonable time to comply, requires compliance beyond appropriate geographical limits, requires disclosure of privileged or protected matter, or subjects a person to undue burden, and permits a court to quash or modify a subpoena that requires disclosure of certain expert reports, trade secrets, confidential research, or commercial information. A party has standing to challenge a subpoena to a non-party if the party alleges a personal right or privilege regarding the materials subpoenaed, *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

The defendant lacks standing to contest the Comcast subpoena because he has not alleged a personal right or privilege regarding the information requested.[1] Regardless, his arguments fail. Federal—not state—law applies to matters governed by the United States Code. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 77 (1938). Because this is a case under the United States Copyright Act, 17 U.S.C. §§ 101–1332, Doc. 1, whether the subpoena complies with Florida law does not matter. Rule 45's proof-of-service requirements apply only "when necessary" to prove service, Fed. R. Civ. P.

---

[1] Federal Rule of Civil Procedure 26(c) permits a court, on good cause shown, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. "A district court has broad discretion when fashioning protective orders." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir.1987). The defendant has not moved for a Rule 26(c) protective order or shown one is warranted.

45(b)(4). The defendant has shown no need for proof of service, like to support a motion to compel or for a contempt sanction. Although the subpoena exceeds the Court's order, Doc. 8, granting the plaintiff's motion for early discovery, Doc. 7, by requesting documents identifying the defendant's "Media Access Control," the Court accepts the plaintiff's representation that the inclusion was by accident, Doc. 10 at 6, and will not quash it for that reason. The defendant has shown no undue burden. The requested information is minimal and geared only to identifying and notifying him of the lawsuit. His supposition of reputation harm if identified as the defendant—generally applicable to all defendants in all cases—is insufficient.

The Court **denies** the defendant's motion to quash the subpoena. Doc. 9. As directed in the Court's August 3, 2015, order, Doc. 12, the plaintiff has 45 days—until January 8, 2016—to serve process on the defendant.

**Ordered** in Jacksonville, Florida, on November 24, 2015.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record